UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 19-177-DCR |
| ) | |
| V. ) | |
| ) | |
| MELINDA PARKS, ) | **MEMORANDUM ORDER** |
| ) | **AND OPINION** |
| Defendant. ) | |

*** *** *** ***

Defendant Melinda Parks has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 173] In support, Parks contends that her age and medical conditions make her especially vulnerable to risks associated with COVID-19. The motion will be denied because Parks has failed to identify extraordinary and compelling reasons for release and because the factors under 18 U.S.C. § 3553(a) do not support granting a sentence reduction.

Parks pleaded guilty to conspiracy to possess with intent to distribute 40 grams or more of fentanyl and aiding and abetting distribution of 40 grams or more of fentanyl. On June 23, 2020, she was sentenced to 78 months' imprisonment. [Record No. 125] Parks is housed at Aliceville FCI and her projected release date is May 5, 2025.[1]

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A), which provides:

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

---

[1] FIND AN INMATE, https://www.bop.gov/inmateloc/ (last accessed July 9, 2021).

[BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Parks has failed to show that there are extraordinary and compelling reasons to grant compassionate release. The district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *United States v. Jones*, 908 F.3d 1098, 1109 (6th Cir. 2020). Parks, who is 43-years-old, reports that she has been diagnosed with "hand PTSD," bipolar disorder, manic depression, anxiety, and seizures. It is unclear how these diagnoses make her more vulnerable to the effects of COVID-19.[3] Further, she is not considered an "older adult" that would be more likely to get severely ill from COVID-19 based on her age. *Id.* While Parks makes passing references to a respiratory condition, she has not explicitly stated that she has one. Finally, she has not provided medical records to support any of her allegations.

The Court also notes that there is only one active case of COVID-19 at Aliceville-FCI.[4] Parks does not mention whether she has received (or had the opportunity to receive) a COVID-

---

[2] Parks has provided a copy of an e-mail indicating that she submitted a request for compassionate release on May 5, 2021, which was forwarded to her "Unit Team/Unit Manager." [Record No. 173-1] Parks reports that this request was never answered.

[3] CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

[4] FEDERAL BUREAU OF PRISONS, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last updated July 9, 2021).

19 vaccine.  However, 934 of Aliceville-FCI's 1,247 inmates have been fully inoculated as of this date.  *Id.*

Additionally, the factors under 18 U.S.C. § 3553(a) do not warrant granting a sentence reduction.  Parks' offenses of conviction were very serious, particularly since they involved trafficking fentanyl, an extremely dangerous substance.  While Parks was not a leader in the drug trafficking conspiracy, she knew that the substance being sold was fentanyl or heroin mixed with fentanyl, due to its potency.  Further, she allowed her home to be used to distribute the controlled substances.

Parks' criminal history is significant, and includes convictions for attempted possession of a controlled substance (first-degree); possession of a controlled substance (third-degree); fourth-degree assault, and giving false information to a police officer.  The defendant's criminal history category of IV and her total offense level of 27 produced a guidelines range of 100 to 125 months' imprisonment.  However, based on matters discussed under seal, the Court departed downward to a range of 70 to 87 months.

While the Court recognized that the defendant had some positive attributes, it did not agree with the defendant's request for a sentence below the reduced guidelines range.  A substantial sentence was warranted in light of the seriousness of the offenses, the need to provide deterrence, protect the public, and avoid unwarranted sentencing disparities among defendants with similar records who were guilty of similar conduct.  The Court remains persuaded that a sentence below 78 months' imprisonment would not achieve those objectives.

Accordingly, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 173] is **DENIED**.

Dated: July 9, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky